UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA JAYNE SNOW,<br><br>            Plaintiff,<br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of the Social Security<br>Administration,<br><br>            Defendant. | NO: 1:14-CV-3160-RMP<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

BEFORE THE COURT are Plaintiff Barbara Jayne Snow's Motion for

Summary Judgment, **ECF No. 17**, and Defendant Carolyn W. Colvin's Motion for

Summary Judgment, **ECF No. 18**.  The Court has reviewed the motions, Ms.

Snow's reply memorandum (ECF No. 20), and the administrative record, and is

fully informed.

## BACKGROUND

Barbara J. Snow protectively filed applications for Supplemental Security

Income (SSI) and Disability Insurance Benefits (DIB) on March 7, 2011, alleging

disability since February 17, 2007, due to post-traumatic stress disorder (PTSD) and attention deficit disorder (ADD).  ECF No. 10-5 at 15-29, ECF No. 10-6 at 46, 50, Tr. 216-230, 285, 289.  The applications were denied initially and upon reconsideration.  ECF No. 10-4 at 6-13, 18-30, Tr. 128-135, 140-152.  Ms. Snow requested a hearing on January 3, 2012.  ECF No. 10-4 at 31-32, Tr. 153-152.  Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on January 15, 2013, at which Ms. Snow, represented by counsel, and vocational expert, Trevor Duncan, testified.   ECF No. 10-2 at 30-72, Tr. 29-71.  At the hearing, Ms. Snow amended her date of onset to January 1, 2011.  ECF No. 10-2 at 22-23, Tr. 21-22.

The ALJ issued an unfavorable decision on March 15, 2013, finding Ms. Snow was not disabled as defined in the Social Security Act.  ECF No. 10-2 at 12-23, Tr. 11-22.  The ALJ found that Ms. Snow had not engaged in substantial gainful activity since January 1, 2011, the amended alleged date of onset.  ECF No. 10-2 at 14, Tr. 13.  Further, the ALJ determined that Ms. Snow had the following severe impairments:  mental health impairments variously diagnosed as PTSD, psychotic disorder not otherwise specified, depressive disorder, without psychotic features, attention deficit hyperactivity disorder (ADHD), and personality disorder.  *Id*.  In addition, the ALJ found that Ms. Snow had polysubstance/amphetamine dependence in reported remission.  *Id*.

1    However, the ALJ found that Ms. Snow did not have an impairment or

2    combination of impairments that met or medically equaled the severity of one of

3    the listed impairments.  ECF No. 10-2 at 15-16, Tr. 14-15.  The ALJ further found

4    that Ms. Snow had the residual function capacity (RFC) to perform a range of light

5    work with the following nonexertional limitations: "she is limited to performing

6    non-complex but multistep tasks involving only occasional and superficial

7    interaction with the public."  ECF No. 10-2 at 16, Tr. 15.

8    The ALJ identified Ms. Snow's past relevant work as housekeeper and

9    cabinet assembler.  ECF No. 10-2 at 21, Tr. 20.  Given Ms. Snow's age, education,

10    work experience, and RFC, the vocational expert testified that Ms. Snow was able

11    to perform her past relevant work as a housekeeper.  *Id*.  In the alternative, the ALJ

12    found that, considering Ms. Snow's age, education, work experience, and RFC,

13    and based on the testimony of the vocational expert, there were other jobs that exist

14    in significant numbers in the national economy that Ms. Snow could perform,

15    including the jobs of production assembler and hand packager.  ECF No. 10-2 at

16    22-23, Tr. 21-22.

17

18

19

20

21

Thus, the ALJ concluded that Ms. Snow was not under a disability within the meaning of the Social Security Act at any time from January 1, 2011[1], through the date of the ALJ's decision.  ECF No. 10-2 at 22-23, Tr. 21-22.

Ms. Snow filed a request for review by the Appeals Council, which was denied on August 29, 2014.  ECF No. 10-2 at 2-7, Tr. 1-6.  Ms. Snow filed a complaint in the District Court for the Eastern District of Washington on October 28, 2014.  ECF No. 1, 6.  The Commissioner answered the complaint on February 15, 2015.  ECF No. 9.  This matter is therefore properly before the Court pursuant to 42 U.S.C. § 405(g).  Ms. Snow filed a motion for summary judgment on May 18, 2015.  ECF No. 17.  The Commissioner filed a cross motion for summary judgment on June 29, 2015.  ECF No. 18.  Ms. Snow filed a reply memorandum on July 20, 2015.  ECF No. 20.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized

---

[1]The ALJ references the February 17, 2007, date of onset in the bolded finding number eleven, ECF No. 10-2 at 22, Tr. 21, but the remainder of the decision indicates the ALJ accepted the amended onset date of January 1, 2011.  ECF No. 10-2 at 12, 14, 21, Tr. 11, 13, 20.  Therefore, the Court attributes the February 7, 2007, reference to a typographical or scrivener's error.

1    here.  Ms. Snow was 51 years old at the amended alleged date of onset, January 1,

2    2011.  ECF No. 10-5 at 15, Tr. 216. The last grade she completed was the sixth

3    grade in 1970.  ECF No. 10-6 at 51, Tr. 290.  Ms. Snow reported she stopped

4    working in February 2007 because she was fired due to her condition.  ECF No.

5    10-6 at 50, Tr. 289.

6

7                            **STANDARD OF REVIEW**

8          Congress has provided a limited scope of judicial review of a

9    Commissioner's final decision.  42 U.S.C. § 405(g).  A reviewing court must

10   uphold the Commissioner's decision, determined by an ALJ, when the decision is

11   supported by substantial evidence and not based on legal error.  *See Jones v.*

12   *Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).  Substantial evidence is more than a

13   mere scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d

14   1112, 1119 n.10 (9th Cir. 1975).  Substantial evidence "means such relevant

15   evidence as a reasonable mind might accept as adequate to support a conclusion."

16   *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

17         The reviewing court should uphold "such inferences and conclusions as the

18   [Commissioner] may reasonably draw from the evidence." *Mark v. Celebrezze*,

19   348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a

20   whole, not just the evidence supporting the Commissioner's decision.  *Weetman v.*

21   *Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *see also Green v. Heckler*, 803 F.2d 528,

530 (9th Cir. 1986) ("This court must consider the record as a whole, weighing both the evidence that supports and detracts from the [Commissioner's] conclusion."). "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).

It is the role of the trier of fact, not the reviewing court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the reviewing court may not substitute its judgment for that of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

Under the Social Security Act (the "Act"),

> an individual shall be considered to be disabled . . . if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if her impairments are of such severity that

1   the claimant is not only unable to do her previous work but cannot, considering the

2   claimant's age, education, and work experience, engage in any other substantial

3   gainful work which exists in the national economy.  42 U.S.C. § 1382c(a)(3)(B).

4   "Thus, the definition of disability consists of both medical and vocational

5   components."  *Edlund v. Massanari,* 253 F.3d 1152, 1157 (9th Cir. 2001).

6          The Commissioner has established a five-step sequential evaluation process

7   for determining whether a claimant is disabled.  20 C.F.R. §§ 404.1520(a)(4) and

8   416.920(a)(4).  Step one determines if the claimant is engaged in substantial

9   gainful activities.  If the claimant is engaged in substantial gainful activities,

10  benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i) and 416.920(a)(4)(i).

11         If the claimant is not engaged in substantial gainful activities, the ALJ, under

12  step two, determines whether the claimant has a medically severe impairment or

13  combination of impairments.  If the claimant does not have a severe impairment or

14  combination of impairments, the disability claim is denied.  20 C.F.R. §§

15  404.1520(a)(4)(ii) and 416.920(a)(4)(ii).

16         If the impairment is severe, the evaluation proceeds to step three, which

17  compares the claimant's impairment to a number of listed impairments

18  acknowledged by the Commissioner to be so severe as to preclude substantial

19  gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii); see also

20  20 C.F.R. §§ 404, Subpt. P, App. 1 and 416, Subpt. I, App. 1.  If the impairment

21

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

1  meets or equals one of the listed impairments, the claimant is conclusively

2  presumed to be disabled.  20 C.F.R. §§ 404.1520(a)(4)(iii) and 416.920(a)(4)(iii).

3      Before proceeding to step four, the claimant's RFC is assessed.  20 C.F.R.

4  §§ 404.1545(a)(1) and 416.945(a)(1).  An individual's RFC is the ability to do

5  physical and mental work activities on a sustained basis despite limitations from

6  any impairments.  20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1).

7      If the impairment is not one conclusively presumed to be disabling, the

8  evaluation proceeds to step four, where the ALJ determines whether the

9  impairment prevents the claimant from performing work she has performed in the

10 past.  If the claimant is able to perform her previous work, the claimant is not

11 disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv).

12     If the claimant cannot perform her previous work, the final step considers

13 whether the claimant is able to perform other work in the national economy in light

14 of her RFC, age, education, and past work experience.  20 C.F.R. §§

15 404.1520(a)(4)(v) and 416.920(a)(4)(v).

16     At step five, the burden shifts to the Commissioner to show that (1) the

17 claimant can make an adjustment to other work, and (2) specific jobs exist in the

18 national economy which the claimant can perform.  *Batson v. Comm'r of Soc. Sec.*

19 *Admin.*, 359 F.3d 1190, 1193-1194 (2004).

20 / / /

21 / / /

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

**ISSUES**

Ms. Snow alleges that the ALJ committed reversible error by (1) improperly rejecting the medical opinion evidence; (2) failing to properly make a step four determination; and (3) failing to properly make a step five determination.

**DISCUSSION**

**I.    Rejection of Medical Opinion Evidence**

Ms. Snow argues that the ALJ failed to properly consider and weigh the medical opinions expressed by Dr. McClelland and Ms. Champoux.  ECF No. 17 at 10-13.

**A.    Jesse McClelland, M.D.**

Ms. Snow first asserts that the ALJ failed to properly weight the opinion of Dr. McClelland.  ECF No. 17 at 11-12.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  The ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Lester*, 81 F.2d at 830. When an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion. *Id.* at 830-831.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988).

On May 21, 2011, Dr. McClelland completed an evaluation of Ms. Snow. ECF No. 10-7 at 131-136, Tr. 485-490. Dr. McClelland reviewed a psychiatric evaluation from October 2008 and an unidentified medical clinic note, conducted a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    clinical interview, and completed a mental status examination.  ECF No. 10-7 at

2    131-134, Tr. 485-488.

3    Dr. McClelland diagnosed Ms. Snow with major depressive disorder, PTSD,

4    ADHD, and amphetamine dependence in full sustained remission.  ECF No. 10-7

5    at 134, Tr. 488.  Dr. McClelland opined that Ms. Snow (1) should not be managing

6    her own funds, (2) should be able to perform simple and repetitive tasks, but may

7    struggle with detailed and complex tasks, (3) may need special additional

8    instructions to complete her work activities, (4) may struggle to interact with

9    coworkers and the public, (5) would likely struggle to maintain regular attendance

10   in the workplace, and (6) may struggle to deal with the usual stress encountered in

11   the workplace.  ECF No. 10-7 at 135-136, Tr. 489-490.

12   The ALJ gave Dr. McClelland's opinion "limited weight" because it was

13   inconsistent with (1) Ms. Snow's longitudinal treatment history, (2) Ms. Snow's

14   performance on mental status examinations, (3) Ms. Snow's reported independent

15   daily activities, and (4) Ms. Snow's ability to get her son to school and attend her

16   appointments.  ECF No. 10-2 at 20, Tr. 19.

17   The ALJ's first three reasons for rejecting Dr. McClelland's opinion do not

18   meet the specific and legitimate standard.  Simply stating that Ms. Snow's

19   treatment history, mental status examinations, or daily activities are inconsistent

20   with an examining physician's opinion alone is not enough.  *See Embrey*, 849 F.2d

21   at 421 (An ALJ stating that the medical opinions are not supported by sufficient

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1    objective findings or are contrary to the preponderant conclusions mandated by the

2    objective findings without more does not meet the specific and legitimate

3    standard).  The ALJ is required to do more than offer her conclusions, she "must

4    set forth [her] interpretations and explain why they, rather than the doctors', are

5    correct."  *Id*.

6        Here, the ALJ discussed Ms. Snow's treatment history, performance on

7    mental status examinations, and daily activities in her credibility determination.

8    ECF No. 10-2 at 19-20, Tr. 18-19.  Then, the ALJ stated that "[f]or the same

9    reasons (i.e. the claimant's longitudinal treatment history, her performance on

10   mental status examinations, and her independent daily activities), I have given

11   limited weight" to Dr. McClelland's consultative psychological opinion.  ECF No.

12   10-2 at 20, Tr. 19.  The ALJ included these reasons in parenthesis and nothing

13   more.  She did not explain why the longitudinal treatment history, mental status

14   examinations, or the reported daily activities were inconsistent with Dr.

15   McClelland's opinion.  Therefore, these reasons to not meet the specific and

16   legitimate standard.

17       The ALJ's fourth reason included more specifics.  The ALJ found that Dr.

18   McClelland's opinion that Ms. Snow would struggle to maintain regular attendance

19   was inconsistent with Ms. Snow's ability "to get up and get her son to school every

20   day on time, and to even correct his attendance problems.  There is also no

21   indication that the claimant has had any problems attending her various

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1    appointments." ECF No. 10-2 at 20, Tr. 19.   The ALJ may consider a claimant's

2    daily activities that "may be seen as inconsistent with the presence of a condition

3    which would preclude all work activity." *Curry v. Sullivan*, 925 F. 2d 1127, 1130

4    (9th Cir. 1991).

5         Here, Dr. McClelland opined that Ms. Snow "would likely struggle to

6    maintain regular attendance in the workplace . . . In addition, she has had

7    increasingly difficult time leaving the house unless necessary related to

8    posttraumatic stress disorder.  During depressive episodes, it is practically

9    impossible for her to get out of the house." ECF No. 10-7 at 135-136, Tr. 489-499.

10   Yet in her evaluation report, Dr. McClelland referenced Ms. Snow's practice of

11   attending appointments, attending Alcoholics Anonymous or Narcotics

12   Anonymous, and meeting her son to walk him home from school.  ECF No. 10-7 at

13   134, Tr. 487.

14        At her hearing, Ms. Snow testified that her daily routine included getting up

15   and walking her son to school and picking her son up from school.  ECF No. 10-2

16   at 38, Tr. 37.  She further testified that when she walked her son to school, he

17   arrived on time.  ECF No. 10-2 at 39, Tr. 38.  She explained that the year prior, the

18   school was concerned with her son being tardy, but she was able to correct the

19   situation.  ECF No. 10-2 at 39-40, Tr. 38-39.  Thus, the ALJ's finding that Ms.

20   Snow's reported ability to maintain a schedule was inconsistent with Dr.

21

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1    McClelland's opinion is supported by substantial evidence and is a legally

2    sufficient reason to reject Dr. McClelland's opinion.

3         Because the ALJ provided a legally sufficient reason to reject Dr.

4    McClelland's opinion, any errors resulting from the ALJ's first three reasons are

5    harmless errors. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an

6    error is harmless when "it is clear from the record that the . . . error was

7    inconsequential to the ultimate nondisability determination").

8    **B.    Peggy Champoux, MSW**

9         Next, Ms. Snow challenges the weight given to the opinion of Ms.

10   Champoux. ECF No. 17 at 12-13

11        When it comes to opinion evidence, there is a distinction between acceptable

12   medical sources and other sources. *See* S.S.R. 06-03p. "Accepted medical

13   sources" include licensed physicians, licensed psychologists, licensed optometrists,

14   licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. §§

15   404.1513(a), 416.913(a).  "Other sources" include nurse practitioners, physicians'

16   assistants, therapists, teachers, social workers, spouses and other non-medical

17   sources. 20 C.F.R. §§ 404.1513(d), 416.913(d).

18        While the ALJ is required to consider observations by "other sources"

19   regarding how an impairment affects a claimant's ability to work, *Id.*, the ALJ can

20   disregard opinion evidence from an "other source," by setting forth reasons "that

21   are germane to each witness." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

1996). Ms. Champoux is a social worker, and, therefore, she is not an "accepted medical source," but an "other source." As such, to reject her opinion the ALJ was only required to provide germane reasons.

On March 24, 2011, Ms. Champoux opined that Ms. Snow was unable to participate in work, noting problems with concentration and pressured speech. ECF No. 10-7 at 3, Tr. 357. Ms. Champoux opined that Ms. Snow' condition would limit her ability to work for twelve months. ECF No. 10-7 at 4, Tr. 358. Additionally, on May 12, 2011, Ms. Champoux told Ms. Snow it was too early for her to return to work, stating that with "the demands of work i.e. change in routine, affect on sleep that she could experience a return of symptoms." ECF No. 10-7 at 171, Tr. 525.

The ALJ gave Ms. Champoux's opinions "limited weight" because it was inconsistent with Ms. Snow's longitudinal treatment history, performance on mental status examinations, and reported independent daily activities. ECF No. 10-2 at 20, Tr. 19. While these reasons do not meet the specific and legitimate standards, they do qualify as germane reasons. Therefore, the ALJ supported her rejection of Ms. Champoux's opinion with legally sufficient reasons.

## II.   Step Four Determination

Ms. Snow challenges the ALJ's step four determination. ECF No. 17 at 13-14. Ms. Snow argues the ALJ erred in her step four determination by (1) failing to include all of Ms. Snow's limitations in the RFC assessment; (2) failing to identify

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

1    the specific demands of Ms. Snow's past relevant work; and (3) failing to compare

2    those specific demands with Ms. Snow's RFC.  ECF No. 17 at 14.

3        **A.    Requirements for a Step Four Finding**

4        The claimant has the burden of proving she can no longer perform past

5    relevant work.  20 C.F.R. §§ 404.1512(a), 404.1520(f), 416.912(a), 416.920(f);

6    *Tackett*, 180 F.3d at 1098-1099.  To find that a claimant has the capacity to

7    perform past relevant work, the ALJ must make the following findings of fact: (1)

8    the individual's RFC; (2) the physical and mental demands of the past

9    job/occupation; (3) that the individual's RFC would permit a return to her past job

10    or occupation.  S.S.R. 82-62.

11        **1.    RFC**

12        The RFC is "the most [a claimant] can still do despite [her] limitations." 20

13    C.F.R. § 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, §

14    200.00(c) (defining the RFC as the "maximum degree to which the individual

15    retains the capacity for sustained performance of the physical-mental requirements

16    of jobs.").  In making the RFC determination, the ALJ weighs medical and other

17    source opinions and considers the claimant's credibility and ability to perform

18    daily activities.  *See*, *e.g.*, *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226

19    (9th Cir. 2009).

20        First, Ms. Snow argues that the ALJ erred by not including limitations from

21    Dr. McClelland and Ms. Champoux in the RFC determination.  ECF No. 17 at 14.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

1  As discussed above, the ALJ provided legally sufficient reasons to give their

2  opinions "limited weight."  Therefore, the ALJ did not err by excluding the

3  limitations contained in their opinions from Ms. Snow's RFC.

4  Second, Ms. Snow argues that the ALJ erred by not limiting her to sedentary

5  work as opined by Patricia Kraft, Ph.D.  ECF No. 17 at 14.  On December 22,

6  2011, Dr. Kraft reviewed the record and opined that Ms. Snow was capable of non-

7  complex, multi-step repetitive tasks with occasional co-worker coordination and

8  occasional wane of attention and concentration due to psychiatric symptoms; Ms.

9  Snow will lose focus, become disorganized, erratic, and inattentive if tasks become

10  too demanding; Ms. Snow would do best with limited public interaction and

11  superficial coworker and supervisors or social interactions; Ms. Snow can be

12  pleasant, polite, and cooperative; and Ms. Snow is able to perform predictable

13  work and adapt to minor variations and change in the workplace. ECF No. 10-3 at

14  38-39, Tr. 108-109.  The ALJ gave "significant evidentiary weight" to this opinion.

15  ECF No. 10-2 at 20, Tr. 19.

16  Ms. Snow asserts that Dr. Kraft limited her to sedentary work, which was

17  not included in the ALJ's RFC determination.  ECF No. 17 at 14.  Dr. Kraft is a

18  psychologist and did not provide an opinion as to Ms. Snow's physical capabilities.

19  Dr. Kraft's signature only appeared in correlation with the psychological

20  limitations.  ECF No. 10-3 at 36-39, Tr. 106-109.  Ms. Snow supports her assertion

21  with a citation to page 110 of the administrative record.  ECF No. 17 at 14.  But

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

1    page 110 of the administrative record shows that Ms. Snow was not limited in her

2    physical capabilities.  ECF No. 10-3 at 40, Tr. 110.  The strength factors of the

3    physical RFC were deemed to be Heavy/Very Heavy and the disability adjudicator

4    applied S.S.R. 85-15.  ECF No. 10-3 at 40-41, Tr. 110-111.  S.S.R. 85-15 can only

5    be applied when no physical limitations are present in the RFC.  *See Roberts v.*

6    *Shalala*, 66 F.3d 179, 183 (9th Cir. 1995).  Therefore, the ALJ did not err in

7    limiting Ms. Snow to light work instead of sedentary work.

8         Third, Ms. Snow argues that the ALJ erred by not including limitations from

9    Richard Kaspar, Ph.D. in the RFC.  ECF No. 17 at 16.  On June 28, 2011, Dr.

10   Kaspar reviewed the record and opined that Ms. Snow was capable of non-

11   complex, multi-step repetitive tasks with occasional co-worker coordination and

12   occasional wane of attention and concentration due to psychiatric symptoms; Ms.

13   Snow will lose focus, become disorganized, erratic, and inattentive if tasks become

14   too demanding; Ms. Snow would do best with limited public interaction and

15   superficial coworker and supervisors or social interactions; Ms. Snow can be

16   pleasant, polite, and cooperative; and Ms. Snow is able to perform predictable

17   work and adapt to minor variations and change in the workplace.  ECF No. 10-3 at

18   12-14, Tr. 82-84.  The ALJ gave "significant evidentiary weight" to this opinion.

19   ECF No. 10-2 at 20, Tr. 19.

20        Ms. Snow argues that since the ALJ gave significant weight to Dr. Kaspar's

21   opinion, the ALJ erred by not including her potential to lose focus, become

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

1   disorganized, erratic, and inattentive in the RFC.  ECF No. 17 at 16.  This is a

2   misrepresentation of the record.  Dr. Kaspar limited Ms. Snow to non-complex,

3   multi-step repetitive tasks, stating that Ms. Snow "[w]ill lose focus, become

4   disorganized, erratic, and inattentive *if tasks become too demanding*.  ECF No. 10-

5   3 at 13, Tr. 83 (emphasis added).  Dr. Kaspar's reference to a loss of focus,

6   disorganization, erratic behavior, and inattention is qualified as a result of Ms.

7   Snow working beyond her RFC.  The ALJ's RFC determination included a

8   limitation to "non-complex but multistep tasks."  ECF No. 10-2 at 16, Tr. 15.

9   Therefore, the ALJ included the necessary limitation to address Ms. Snow's

10   potential to lose focus, become disorganized, erratic, and inattentive in her RFC.

11       The Court concludes that ALJ's RFC determination is supported by

12   substantial evidence and free of legal error.

### 2.   Specific Demands of Past Relevant Work

14       Ms. Snow alleges that the ALJ failed to identify the specific demands of Ms.

15   Snow's past relevant work.  ECF No. 17 at 14.

16       At Step Four, the ALJ must make a finding as to the actual functional

17   demands and job duties of a particular past relevant job or the functional demands

18   and job duties of the occupation as generally required by employers throughout the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

1  national economy.  S.S.R. 82-61.[2]  Social Security Regulations name two sources

2  of information that may be used to define a claimant's past relevant work as

3  actually performed: a properly completed vocational report, S.S.R. 82-61, and the

4  claimant's own testimony, S.S.R. 82-41.  In contrast, the Dictionary of

5  Occupational Titles is usually the best source for how a job is generally performed.

6  *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

7       In her decision, the ALJ did not discuss Ms. Snow's past relevant work as

8  actually performed, but did set forth Ms. Snow's past relevant work as generally

9  performed with Dictionary of Occupational Title codes, exertional classifications,

10  and specific vocational preparation (SVP) classifications.  ECF No. 10-2 at 21, Tr.

11  20.  Considering the ALJ relied on the Dictionary of Occupational Titles, which is

12  the best source for how a job is generally performed, the ALJ made specific

13  findings as to the functional demands of Ms. Snow's past relevant work as

14  _____

15       [2]Although they do not carry the force of law, Social Security Rulings are

16  "binding on all components of the Social Security Administration." 20 C.F.R. §§

17  402.35(b)(1) and (2).  Such rulings "reflect the official interpretation of the [Social

18  Security Administration] and are entitled to some deference as long as they are

19  consistent with the Social Security Act and regulations." *Molina v. Astrue*, 674

20  F.3d 1104, 1113 n.5 (9th Cir. 2012) (citations and internal quotation marks

21  omitted).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

1    generally performed.  The ALJ was not required to discuss Ms. Snow's past

2    relevant work as actually performed.  *Pinto*, 249 F.3d at 845 ("We have never

3    required explicit findings at step four regarding a claimant's past relevant work

4    both as generally performed *and* as actually performed. The vocational expert

5    merely has to find that a claimant can or cannot continue his or her past relevant

6    work as defined by the regulations"). Thus, the ALJ fulfilled her second required

7    factual finding free of legal error.

8              **3.        Specific Demands of Past Relevant Work and the RFC**

9              Ms. Snow alleges that the ALJ filed to adequately compare the specific

10   demands of Ms. Snow's past relevant work to the RFC as determined by the ALJ.

11   ECF No. 17 at 14.

12             The Ninth Circuit has held that requiring the ALJ to make specific findings

13   on the record at each phase of the step four analysis allows for meaningful judicial

14   review.  *Pinto*, 249 F.3d at 487.  When the ALJ "makes findings only about the

15   claimant's limitations, and the remainder of the step four assessment takes place in

16   the [vocational expert's] head, we are left with nothing to review." *Id*.  quoting

17   *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996).

18             In her decision, the ALJ stated "[i]n comparing the claimant's residual

19   functional capacity with the physical and mental demands of her past relevant

20   work as a housekeeper, I find that the claimant is able to perform it as actually and

21

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 21

1    generally performed." ECF No. 10-2 at 21, Tr. 20. Ms. Snow asserts this is not a

2    sufficient analysis. ECF No. 17 at 14.

3        Here, the analysis concerning Ms. Snow's past relevant work as generally

4    performed did not occur in the vocational expert's head. At the hearing, the

5    vocational expert testified that based on the ALJ's hypothetical, which mirrored

6    the RFC determination, Ms. Snow could perform the occupation of housekeeper as

7    described in the Dictionary of Occupational Titles. ECF No. 10-2 at 69-70, Tr. 68-

8    69. Furthermore, the vocational expert stated that his testimony regarding this

9    hypothetical was consistent with the information in the Dictionary of Occupational

10   Titles and its companion publication, Selected Characteristics of Occupations.

11   ECF No. 10-2 at 71, Tr. 70. Considering the Dictionary of Occupational Titles is

12   usually the best source for how a job is generally performed and the vocational

13   expert's testimony did not vary from the Dictionary of Occupational Titles, the

14   comparison between the requirements of housekeeper as generally performed with

15   the RFC determination did not occur solely in the vocational expert's head. The

16   Dictionary of Occupational Titles is available in print for Ms. Snow to compare to

17   the RFC determination. Thus, the ALJ fulfilled her third factual finding.

18       However, the ALJ's step four finding was that Ms. Snow could perform her

19   past relevant work as a housekeeper "as actually and generally performed." ECF

20   No. 10-2 at 21, Tr. 20. Yet, the ALJ failed to make the necessary findings of facts

21   as to Ms. Snow's past relevant work as actually performed. Therefore, the ALJ's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 22

1   determination as to Ms. Snow's past relevant work as a housekeeper as actually

2   performed is in error.  However, this is harmless error because there are no

3   requirements for "explicit findings at step four regarding a claimant's past relevant

4   work both as generally performed *and* as actually performed. The vocational

5   expert merely has to find that a claimant can or cannot continue his or her past

6   relevant work as defined by the regulations."  *Pinto*, 249 F.3d at 845; *See also*

7   *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless

8   when "it is clear from the record that the . . . error was inconsequential to the

9   ultimate nondisability determination").

10          Thus, the Court finds that the step four determination was free of error as to

11   Ms. Snow's ability to perform past relevant work as generally performed in the

12   national economy.

13   **III.   Step Five Determination**

14          Ms. Snow challenges the alternative step five determination made by the

15   ALJ.  ECF No. 17 at 15-16.  Ms. Snow asserts that the testimony of the vocational

16   expert was based on an incomplete hypothetical that did not include all of her

17   limitations.  ECF No. 17 at 15.

18          An ALJ is only required to present the vocational expert with those

19   limitations the ALJ finds to be credible and supported by the evidence.  *Osenbrock*

20   *v. Apfel*, 240 F.3d 1157, 1165-1166 (9th Cir. 2001).  As addressed in detail above,

21   the ALJ's RFC determination was supported by substantial evidence and free of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 23

1  legal error.  Therefore, the RFC contained all limitations supported by substantial

2  evidence and the step five determination was additionally free of legal error.

3  **CONCLUSION**

4  Having reviewed the record and the ALJ's findings, the Court finds the

5  ALJ's decision is supported by substantial evidence and free of harmful legal error.

6  Accordingly, **IT IS ORDERED:**

7  1.    Defendant's Motion for Summary Judgment, **ECF No. 18**, is

8  **GRANTED**.

9  2.    Ms. Snow's Motion for Summary Judgment, **ECF No. 17**, is

10  **DENIED**.

11  The District Court Clerk is directed to file this Order and provide a copy to

12  counsel for Ms. Snow and Defendant.  **Judgment shall be entered for Defendant**

13  and the file shall be **CLOSED**.

14  **DATED** this 10th day of March 2016.

15

16  _____*s/ Rosanna Malouf Peterson*_____
    ROSANNA MALOUF PETERSON

17  United States District Judge

18

19

20

21

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 24